UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| SCOTT OLSON, | ) |
| ERIC NELSON, and | ) 4:10CR00357HEA |
| DAVENA RIDENHOUR HAGEN, | ) |
| | |
| Defendants. | |

FILED
JUL - 1 2010
U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

## INDICTMENT

### COUNT ONE

The Grand Jury Charges that:

A. Introduction

1. At all times material to this indictment Defendants Scott Olson, Davena Ridenhour Hagen, and Eric Nelson, were friends and associates who resided within the Eastern District of Missouri.

2. At some time during 2002, the defendants agreed to go into the real estate investment business together. To that end, they formed a business entity called Red Brick Homes, LLC ("Red Brick"). The defendants agreed to make Defendant Ridenhour Hagen a "silent partner" due to her criminal history. That is, Defendant Ridenhour Hagen did not appear on Red Brick business records but shared in the work and profits of the business. At all times material to this indictment, the defendants acted collectively as Red Brick and vice versa.

3. It was the business model of the defendants, working together as Red Brick, to acquire properties, renovate them, and "flip" them at a quick profit.

4. The defendants would obtain properties in the City of St. Louis, fix them up, and then locate a "straw buyer" to "purchase" the property from Red Brick. The buyers of the properties discussed in this Indictment are called "straw buyers" because they did not intend to occupy and own the properties they purchased from Red Brick as was represented on their loan applications. Instead, the defendants promised the straw buyers a cash payment for allowing them to "use their credit" to finance a property. It was Red Brick, and not the straw buyers listed herein, who intended to control and manage the properties.

5. The defendants, not the straw buyers, would prepare the loan applications, which were submitted through a mortgage company called Sunset Mortgage. Defendants Olson, Ridenhour, and Nelson were loan officers at Sunset Mortgage. The defendants would make numerous false, material statements to the lenders for the straw buyers listed in this indictment. Generally, the defendant's falsely stated that the straw buyer was providing down payment money when in truth and fact Red Brick was doing so. Additionally, the entire application was false in that it represented to the lenders that a straw buyer, and not Red Brick, intended to control and manage a particular property.

6. Because the straw buyers agreed to these transactions for a cash payment, and not because they were sound real estate transactions, Red Brick could set any price the market would bear for a property. At closing, Red Brick would reap a quick profit on a property. Although Red Brick sometimes attempted to service the new mortgage it had taken out in the name of a particular straw buyer, it always stopped paying on the note when it became financially inconvenient to do so and the properties listed herein went into foreclosure.

7. In reliance on the false statements, lenders approved loans to straw buyers for seven transactions involving sales of Red Brick properties.

2

B.   The Transactions

8.   On or about July 20, 2005, the defendants sold a Red Brick Home at 3161 Nebraska, St. Louis, Missouri to straw buyer D.D. for $120,000. The sale was consummated by the interstate wire transmission of a portion of the sale price from Accredited Home Lenders ("Accredited") to Town & Country Title Company in the Eastern District of Missouri. Accredited agreed to fund this transaction in reliance on false, fraudulent and material statements of facts and false pretenses owing to the defendants. For example, the defendants falsely represented that D.D. intended to control and manage the property and that the $18,723.74 down payment came from his funds. Additionally, the defendants concealed a $3,000 cash payment they made to D.D. to induce him to "buy" this property from Red Brick.

9.   On or about August 22, 2005, the defendants sold a Red Brick Home at 4258 Nebraska, St. Louis, Missouri to straw buyer K.M. for $125,000. The sale was consummated by the interstate wire transmission of a portion of the sale price from Accredited Home Lenders ("Accredited") to Town & Country Title Company in the Eastern District of Missouri. Accredited agreed to fund this transaction in reliance on false, fraudulent and material statements of facts and false pretenses owing to the defendants. For example, the defendants falsely represented that K.M. intended to control and manage the property and that the $12,762.90 down payment came from her funds. Additionally, the defendants concealed a $3,000 cash payment they made to K.M. to induce her to "buy" this property from Red Brick.

10.   On or about September 26, 2005, the defendants sold a Red Brick Home at 3616 Louisiana, St. Louis, Missouri to straw buyer K.M. for $125,000. The sale was consummated by the interstate wire transmission of a portion of the sale price from Accredited Home Lenders ("Accredited") to Town & Country Title Company in the Eastern District of Missouri. Accredited

agreed to fund this transaction in reliance on false, fraudulent and material statements of facts and false pretenses owing to the defendants. For example, the defendants falsely represented that K.M. intended to control and manage the property and that the $17,170.36 down payment came from her funds. Additionally, the defendants concealed a $3,000 cash payment they made to K.M. to induce her to "buy" this property from Red Brick.

11. On or about October 26, 2005, the defendants sold a Red Brick Home at 3511-3513 Minnesota, St. Louis, Missouri to straw buyer K.M. for $125,000. The sale was consummated by the interstate wire transmission of a portion of the sale price from Indy Mac Bank to Town & Country Title Company in the Eastern District of Missouri. Indy Mac agreed to fund this transaction in reliance on false, fraudulent and material statements of facts and false pretenses owing to the defendants. For example, the defendants falsely represented that K.M. intended to control and manage the property and that the $27,101.38 down payment came from her funds. Additionally, the defendants concealed a $3,000 cash payment they made to K.M. to induce her to "buy" this property from Red Brick.

12. On or about December 29, 2005, the defendants sold a Red Brick Home at 3465 Montana, St. Louis, Missouri to straw buyer E.P. for $135,275. The sale was consummated by the interstate wire transmission of a portion of the sale price from Accredited Home Lenders ("Accredited") to Town & Country Title Company in the Eastern District of Missouri. Accredited agreed to fund this transaction in reliance on false, fraudulent and material statements of facts and false pretenses owing to the defendants. For example, the defendants falsely represented that E.P. intended to control and manage the property and that the $18,522.31 down payment came from his funds. Additionally, the defendants concealed a $3,000 cash payment they made to E.P. to induce him to "buy" this property from Red Brick.

C.  Specified Unlawful Activity

13.  By organizing the foregoing transactions, the defendant engaged in a scheme to defraud the foregoing lenders of money and other valuable property by means of false pretenses, promises and representations. Further, it was foreseeable that interstate wire communications would be used in furtherance and execution of the scheme and, as set forth above, the defendants caused such facilities to be used in furtherance and execution of the scheme, to wit: to fund the fraudulent transactions. Accordingly, the defendants committed wire fraud in the course of consummating the foregoing transactions in violation of Title 18, United States Code Section 1343.

D.  Offense Conduct

### COUNT I

14.  On or about July 21, 2005, within the Eastern District of Missouri and elsewhere,

**DAVENA RIDENHOUR HAGEN,**

the defendant herein, did knowingly engage in a monetary transaction in criminally derived property of a value of greater than $10,000, to wit: the purchase of a cashier's check in the amount of $18,723.74 to be presented at the closing of 3161 Nebraska.

In violation of Title 18, United States Code Section 1957.

### COUNT II

15.  On or about August 25, 2005, within the Eastern District of Missouri and elsewhere,

**ERIC NELSON,**

the defendant herein, did knowingly engage in a monetary transaction in criminally derived property of a value of greater than $10,000, to wit: the purchase of a cashier's check in the amount of $12,762.90 to be presented at the closing of 4258 Nebraska.

In violation of Title 18, United States Code Section 1957.

## COUNT III

16. On or about September 28, 2005, within the Eastern District of Missouri and elsewhere,

**SCOTT OLSON,**

the defendant herein, did knowingly engage in a monetary transaction in criminally derived property of a value of greater than $10,000, to wit: the purchase of a cashier's check in the amount of $17,170.36 to be presented at the closing of 3616 Louisiana.

In violation of Title 18, United States Code Section 1957.

## COUNT IV

17. On or about October 27, 2005, within the Eastern District of Missouri and elsewhere,

**SCOTT OLSON,**

the defendant herein, did knowingly engage in a monetary transaction in criminally derived property of a value of greater than $10,000, to wit: the purchase of a cashier's check in the amount of $27,101.38 to be presented at the closing of 3511-3513 Minnesota.

In violation of Title 18, United States Code Section 1957.

## COUNT V

14. On or about December 29, 2005, within the Eastern District of Missouri and elsewhere,

**SCOTT OLSON,**

the defendant herein, did knowingly engage in a monetary transaction in criminally derived property of a value of greater than $10,000, to wit: the purchase of a cashier's check in the amount of $18,522.31 to be presented at the closing of 3465 Montana.

In violation of Title 18, United States Code Section 1957.

A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
THOMAS C. ALBUS, #96250
Assistant United States Attorney